IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN INTERNATIONAL GMBH and BIOGEN MA INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC., | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Biogen International GmbH and Biogen MA Inc. (collectively, "Biogen" or "Plaintiffs"), by way of Complaint against Defendants Torrent Pharmaceuticals Ltd. ("Torrent Pharmaceuticals") and Torrent Pharma Inc. ("Torrent Pharma") (collectively, "Torrent" or "Defendants"), allege as follows:

## THE PARTIES

1.      Plaintiff Biogen International GmbH is a Swiss corporation with its principal place of business in Zug, Switzerland at Landis + Gyr-Strasse 3, 6300 Zug, Switzerland.

2.      Plaintiff Biogen MA Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 225 Binney Street, Cambridge, Massachusetts 02142.

3.      Biogen is in the business of developing, manufacturing and marketing innovative therapies for patients living with serious neurological, autoimmune, and rare diseases, including therapies for multiple sclerosis.  Biogen's asserted patents cover Tecfidera®, which is marketed

and sold in this judicial district and throughout the United States for the treatment of relapsing forms of multiple sclerosis.

4.     Upon information and belief, Torrent Pharmaceuticals is a corporation organized under the laws of India, having a principal place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, India.

5.     Upon information and belief, Torrent Pharmaceuticals is a generic pharmaceutical company that develops, manufactures, markets, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

6.     Upon information and belief, Torrent Pharma is a corporation organized under the laws of Delaware, having a principal place of business at 150 Allen Road, Suite 102, Basking Ridge, NJ 07920.

7.     Upon information and belief, Torrent Pharma is a subsidiary of Torrent Pharmaceuticals.

8.     Upon information and belief, Torrent Pharma is a generic pharmaceutical company that develops, manufactures, markets, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States in concert with Torrent Pharmaceuticals.

9.     Upon information and belief, the acts of Torrent Pharmaceuticals complained of herein were done with the cooperation, participation, and assistance of Torrent Pharma.

## NATURE OF THE ACTION

10.     This is an action for patent infringement of U.S. Patent Nos. 6,509,376 ("the '376 patent"), 7,320,999 ("the '999 patent") and 8,399,514 ("the '514 patent") arising under the patent laws of the United States, Title 35, United States Code, §§ 100 *et seq*., including 35 U.S.C. §

271.  This action relates to Torrent's filing of Abbreviated New Drug Application ("ANDA") No. 210390 under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, sell, offer to sell, and import dimethyl fumarate delayed-release capsules prior to the expiration of the asserted patents.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), and § 1400(b) because Torrent Pharma is incorporated in Delaware and Torrent Pharmaceuticals is incorporated in India and may be sued in any judicial district in the United States, in which the defendant is subject to the court's personal jurisdiction.

13.     This Court has jurisdiction over Torrent Pharmaceuticals under Federal Rule of Civil Procedure 4(k)(2), because, upon information and belief, Torrent Pharmaceuticals is organized under the laws of India.

14.     This Court has personal jurisdiction over Torrent Pharma because Torrent Pharma is incorporated in Delaware.

15.     This Court also has personal jurisdiction over Torrent because at least one provision of 10 Del. C. § 3104(c) is satisfied.  Upon information and belief, Torrent satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State), § 3104(c)(4) "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in

the State or derives substantial revenue from services, or things used or consumed in the State"),

and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

16.     Torrent "has taken the costly, significant step of applying to the FDA for approval

to engage in future activities—including the marketing of its generic drugs—that will be

purposefully directed at," upon information and belief, the District of Delaware and elsewhere.

*See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), *cert.*

*denied*, 2017 WL 69716 (U.S. Jan. 9, 2017).  Torrent's "ANDA filings constitute formal acts that

reliably indicate plans to engage in marketing of the proposed generic drugs." *Id.* at 760.  Upon

information and belief, Torrent "intends to direct sales of its drugs into Delaware, among other

places, once it has the requested FDA approval to market them."  *Id.* at 758.  Upon information

and belief, Torrent will engage in marketing of its proposed ANDA products in Delaware upon

approval of its ANDA.

17.     This Court also has personal jurisdiction over Torrent because, *inter alia*, this

action arises from activities of Torrent directed toward Delaware.

18.     Torrent's ANDA filing regarding the '376 patent, the '999 patent and the '514

patent, has a substantial connection with this district because it reliably and non-speculatively

predicts activities by Torrent in this district.

19.     Exercising personal jurisdiction over Torrent in this district would not be

unreasonable given Torrent's contacts in this district and the interest in this district of resolving

disputes related to products to be sold herein.

20.     This Court also has personal jurisdiction over Torrent because, *inter alia*, Torrent

has purposefully availed itself of the rights and benefits of Delaware law by engaging in

systematic and continuous contacts with Delaware.  Upon information and belief, Torrent, either

directly or through affiliates, currently sells significant quantities of generic drug products in the United States and in the State of Delaware. Torrent's website, http://www.torrentpharma.com/int_usa.php# (accessed June 26, 2017), the contents of which are incorporated herein by reference, states that "[t]he world's largest market for pharmaceuticals, USA, has always been on Torrent Pharma's strategic radar" and provides its goal of "serv[ing] the large and growing need for cost-effective high quality medicines in the USA." Upon information and belief, Torrent derives substantial revenue from the sale of those products in Delaware and have availed itself of the privilege of conducting business within the State of Delaware.

21.     Upon information and belief, Torrent Pharmaceuticals maintains continuous and systematic contacts with Delaware through its U.S. subsidiary Torrent Pharma, incorporated in Delaware.

22.     Upon information and belief, Torrent Pharma is registered to do business in Delaware (File No. 3752167). *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/ NameSearch.aspx. (Accessed June 27, 2017).

23.     Upon information and belief, Torrent Pharma maintains continuous and systematic contacts with Delaware through its authorized U.S. agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

24.     Upon information and belief, Torrent Pharma has appointed Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808, for receipt and service of process as its registered agent.

25.     Torrent has availed itself of Delaware courts through the assertion of counterclaims.

26.     Upon information and belief, Torrent Pharmaceuticals and Torrent Pharma operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States including in this judicial district.  Upon information and belief, Torrent has "integrated facilities for discovery and development activities" for its generic pharmaceutical products.  (*See* http://www.torrentpharma.com/departments.php, accessed June 27, 2017).

27.     Upon information and belief, the effort to seek approval for ANDA No. 210390 and to manufacture, import, market, and/or sell Defendants' generic products upon approval has been a cooperative and joint enterprise and venture between Torrent Pharmaceuticals and Torrent Pharma.

28.     Upon information and belief, Torrent Pharmaceuticals and Torrent Pharma have an express and/or implied agreement to cooperate in the joint enterprise and venture of preparing, filing and maintaining ANDA No. 210390 and in commercializing Defendants' generic products in the United States, including in this judicial district, in accordance with ANDA 210390 upon approval.

29.     Upon information and belief, Torrent Pharmaceuticals and Torrent Pharma have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 210390.

30.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Defendants.

## FIRST COUNT FOR PATENT INFRINGEMENT ('376 PATENT)

31.     Biogen realleges, and incorporates in full herein, each preceding paragraph.

32.     The U.S. Patent and Trademark Office ("PTO") issued the '376 patent on January 21, 2003, entitled "Utilization of Dialkyfumarates."  The '376 patent identifies Rajendra Kumar Joshi and Hans-Peter Strebel as inventors of the claimed subject matter.  A copy of the '376 patent is attached hereto as Exhibit A.

33.     Biogen International GmbH is the owner of the '376 patent by virtue of assignment.

34.     The '376 patent expires on October 29, 2019, excluding any pediatric exclusivity or patent term extension.

35.     The '376 patent is directed to and claims, *inter alia*, pharmaceutical preparations and compositions.

36.     The '376 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for New Drug Application ("NDA") No. 204063 for dimethyl fumarate delayed-release capsules.

37.     The FDA approved NDA No. 204063 on March 27, 2013, for the treatment of relapsing forms of multiple sclerosis.

38.     Dimethyl fumarate delayed-release capsules are marketed in the United States under the trademark Tecfidera®.

39.     Upon information and belief, Torrent submitted ANDA No. 210390 to the FDA, under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to manufacture, use, import, offer to sell and sell dimethyl fumarate delayed-release capsules containing 120 mg and 240 mg of dimethyl fumarate ("Defendants' generic products") in the United States.

40.     Biogen received a letter from Torrent dated May 23, 2017 ("the Notice Letter"), purporting to include a Notice of Certification for ANDA No. 210390 under 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c) as to the '376 patent.  The Notice Letter did not allege non-infringement as to at least one claim of the '376 patent.

41.     Torrent thus has actual knowledge of the '376 patent.

42.     Upon information and belief, Defendants' generic products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '376 patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

43.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Torrent has infringed at least one claim including at least claim 1 of the '376 patent by submitting, or causing to be submitted, to the FDA, ANDA No. 210390 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '376 patent. Upon information and belief, the products described in ANDA No. 210390 would infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '376 patent under 35 U.S.C. § 271(e)(2)(A).

44.     Upon information and belief, Torrent will manufacture, market, import, use, sell and/or offer to sell Defendants' generic products in the United States in connection with ANDA No. 210390 upon approval.

{01224100;v1 }                                        8

45.     Upon information and belief, Torrent will directly infringe at least one claim including at least claim 1 of the '376 patent when it proceeds to manufacture, market, import, use, sell and/or offer to sell Defendants' generic products in the United States in connection with ANDA No. 210390 upon approval.

46.     Upon information and belief, Torrent's actions relating to Torrent's ANDA No. 210390 complained of herein were done with the cooperation, participation, assistance, and for the benefit of Torrent.

47.     If Torrent's marketing and sale of generic dimethyl fumarate delayed-release capsules prior to expiration of the '376 patent and all other relevant activities are not enjoined, Biogen will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT FOR PATENT INFRINGEMENT ('999 PATENT)

48.     Biogen realleges, and incorporates in full herein, each preceding paragraph.

49.     The PTO issued the '999 patent on January 22, 2008, entitled "Dimethyl Fumarate for the Treatment of Multiple Sclerosis." The '999 patent identifies Rajendra Kumar Joshi and Hans-Peter Strebel as inventors of the claimed subject matter. A copy of the '999 patent is attached hereto as Exhibit B.

50.     Biogen International GmbH is the owner of the '999 patent by virtue of assignment.

51.     The '999 patent expires on May 18, 2020, which includes 202 days of Patent Term Adjustment under 35 U.S.C. § 154(b), excluding any pediatric exclusivity or patent term extension.

52.     The '999 patent is directed to and claims, *inter alia*, methods of treating multiple sclerosis.

{01224100;v1 }

9

53.     The '999 patent is listed in the Orange Book for NDA No. 204063 for dimethyl fumarate delayed-release capsules.

54.     The Notice Letter dated May 23, 2017 purported to include a Notice of Certification for ANDA No. 210390 under 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c) as to the '999 patent.  The Notice Letter did not allege non-infringement as to any claim of the '999 patent.

55.     Torrent thus has actual knowledge of the '999 patent.

56.     Upon information and belief, Defendants' generic products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '999 patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

57.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Torrent has infringed at least one claim including at least claim 1 of the '999 patent by submitting, or causing to be submitted, to the FDA, ANDA No. 210390 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '999 patent. Upon information and belief, the products described in ANDA No. 210390 would infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '999 patent under 35 U.S.C. § 271(e)(2)(A).

58.     Upon information and belief, physicians and/or patients will directly infringe at least one claim including at least claim 1 of the '999 patent by the use of Defendants' generic products upon approval.

59.     Upon information and belief, upon approval, Torrent will take active steps to encourage the use of Defendants' generic products by physicians and/or patients with the

knowledge and intent that Defendants' generic products will be used by physicians and/or patients, in a manner that infringes at least one claim including at least claim 1 of the '999 patent, for the pecuniary benefit of Torrent.  Pursuant to 21 C.F.R. § 314.94, Torrent is required to copy the FDA approved Tecfidera® labeling.  Upon information and belief, Torrent will thus induce the infringement of at least one claim including at least claim 1 of the '999 patent.

60.     Upon information and belief, if the FDA approves ANDA No. 210390, Torrent will sell or offer to sell its generic products specifically labeled for use in practicing at least one claim including at least claim 1 of the '999 patent, wherein Defendants' generic products are a material part of the claimed invention, wherein Torrent knows that physicians will prescribe and patients will use Defendants' generic products in accordance with the instructions and/or label provided by Torrent in practicing at least one claim including at least claim 1 of the '999 patent, and wherein dimethyl fumarate delayed-release capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Upon information and belief, Torrent will thus contribute to the infringement of at least one claim including at least claim 1 of the '999 patent.

61.     Upon information and belief, Torrent's actions relating to Torrent's ANDA No. 210390 complained of herein were done with the cooperation, participation, assistance, and for the benefit of Torrent.

62.     If Torrent's marketing and sale of generic dimethyl fumarate delayed-release capsules prior to expiration of the '999 patent and all other relevant activities are not enjoined, Biogen will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## THIRD COUNT FOR PATENT INFRINGEMENT ('514 PATENT)

63.     Biogen realleges, and incorporates in full herein, each preceding paragraph.

64.     The PTO issued the '514 patent on March 19, 2013, entitled "Treatment for Multiple Sclerosis."  The '514 patent identifies Matvey E. Lukashev and Gilmore O'Neill as inventors of the claimed subject matter.  A copy of the '514 patent is attached hereto as Exhibit C.

65.     Biogen MA Inc. is the owner of the '514 patent by virtue of assignment.

66.     The '514 patent expires on February 7, 2028 excluding any pediatric exclusivity.

67.     The '514 patent is directed to and claims, *inter alia*, methods of treating multiple sclerosis.

68.     The '514 patent is listed in the Orange Book for NDA No. 204063 for dimethyl fumarate delayed-release capsules.

69.     The Notice Letter dated May 23, 2017 purported to include a Notice of Certification for ANDA No. 210390 under 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c) as to the '514 patent.  The Notice Letter did not allege non-infringement as to at least one claim of the '514 patent.

70.     Torrent thus has actual knowledge of the '514 patent.

71.     Upon information and belief, Defendants' generic products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '514 patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

72.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Torrent has infringed at least one claim including at least claim 1 of the '514 patent by submitting, or causing to be submitted, to the FDA, ANDA No. 210390 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '514 patent.

Upon information and belief, the products described in ANDA No. 210390 would infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '514 patent under 35 U.S.C. § 271(e)(2)(A).

73.     Upon information and belief, physicians and/or patients will directly infringe at least one claim including at least claim 1 the '514 patent by the use of Defendants' generic products upon approval.

74.     Upon information and belief, upon approval, Torrent will take active steps to encourage the use of Defendants' generic products by physicians and/or patients with the knowledge and intent that Defendants' generic products will be used by physicians and/or patients, in a manner that infringes at least one claim including at least claim 1 of the '514 patent, for the pecuniary benefit of Torrent.  Pursuant to 21 C.F.R. § 314.94, Torrent is required to copy the FDA approved Tecfidera® labeling.  Upon information and belief, Torrent will thus induce the infringement of at least one claim including at least claim 1 of the '514 patent.

75.     Upon information and belief, if the FDA approves ANDA No. 210390, Torrent will sell or offer to sell its generic products specifically labeled for use in practicing at least one claim including at least claim 1 of the '514 patent, wherein Defendants' generic products are a material part of the claimed invention, wherein Torrent knows that physicians will prescribe and patients will use Defendants' generic products in accordance with the instructions and/or label provided by Torrent in practicing at least one claim including at least claim 1 of the '514 patent, and wherein dimethyl fumarate delayed-release capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Upon information and belief, Torrent will thus contribute to the infringement of at least one claim including at least claim 1 of the '514 patent.

{01224100;v1 }                                  13

76.     Upon information and belief, Torrent's actions relating to Torrent's ANDA No. 210390 complained of herein were done with the cooperation, participation, assistance, and for the benefit of Torrent.

77.     If Torrent's marketing and sale of generic dimethyl fumarate delayed-release capsules prior to expiration of the '514 patent and all other relevant activities are not enjoined, Biogen will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## REQUEST FOR RELIEF

**WHEREFORE,** Biogen respectfully requests that the Court enter judgment in its favor and against Defendants Torrent Pharmaceuticals and Torrent Pharma on the patent infringement claims set forth above and respectfully requests that this Court:

1.     enter judgment under 35 U.S.C. § 271(e)(2)(A) that Torrent has infringed at least one claim including at least claim 1 of the '376 patent through Torrent's submission of ANDA No. 210390 to the FDA to obtain approval to manufacture, use, import, offer to sell and sell Defendants' generic products in the United States before the expiration of the '376 patent;

2.     enter judgment under 35 U.S.C. § 271(a) that Torrent's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Defendants' generic products prior to the expiration of the '376 patent constitutes infringement of one or more claims of said patent under 35 U.S.C. § 271(a);

3.     order that the effective date of any approval by the FDA of Defendants' generic products be a date that is not earlier than the expiration date of the '376 patent, or such later date as the Court may determine;

4.      enjoin Torrent, and all persons acting in concert with Torrent, from the manufacture, use, import, offer for sale and sale of Defendants' generic products until the expiration of the '376 patent, or such later date as the Court may determine;

5.      enjoin Torrent, and all persons acting in concert with Torrent, from seeking, obtaining or maintaining approval of Torrent's ANDA No. 210390 until the expiration of the '376 patent, or such later date as the Court may determine;

6.      enter judgment under 35 U.S.C. § 271(e)(2)(A) that Torrent has infringed at least one claim including at least claim 1 of the '999 patent through Torrent's submission of ANDA No. 210390 to the FDA to obtain approval to manufacture, use, import, offer to sell and sell Defendants' generic products in the United States before the expiration of the '999 patent;

7.      enter judgment under 35 U.S.C. § 271(b) and/or (c) that Torrent's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Defendants' generic products prior to the expiration of the '999 patent constitutes infringement of one or more claims of said patent under 35 U.S.C. § 271(b) and/or (c);

8.      order that the effective date of any approval by the FDA of Defendants' generic products be a date that is not earlier than the expiration date of the '999 patent, or such later date as the Court may determine;

9.      enjoin Torrent, and all persons acting in concert with Torrent, from the manufacture, use, import, offer for sale and sale of Defendants' generic products until the expiration of the '999 patent, or such later date as the Court may determine;

10.      enjoin Torrent, and all persons acting in concert with Torrent, from seeking, obtaining or maintaining approval of Torrent's ANDA No. 210390 until the expiration of the '999 patent, or such later date as the Court may determine;

11.     enter judgment under 35 U.S.C. § 271(e)(2)(A) that Torrent has infringed at least one claim including at least claim 1 of the '514 patent through Torrent's submission of ANDA No. 210390 to the FDA to obtain approval to manufacture, use, import, offer to sell and sell Defendants' generic products in the United States before the expiration of the '514 patent;

12.     enter judgment under 35 U.S.C. § 271(b) and/or (c) that Torrent's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Defendants' generic products prior to the expiration of the '514 patent constitutes infringement of one or more claims of said patent under 35 U.S.C. § 271(b) and/or (c);

13.     order that the effective date of any approval by the FDA of Defendants' generic products be a date that is not earlier than the expiration date of the '514 patent, or such later date as the Court may determine;

14.     enjoin Torrent, and all persons acting in concert with Torrent, from the manufacture, use, import, offer for sale and sale of Defendants' generic products until the expiration of the '514 patent, or such later date as the Court may determine;

15.     enjoin Torrent and all persons acting in concert with Torrent, from seeking, obtaining or maintaining approval of Torrent's ANDA No. 210390 until the expiration of the '514 patent, or such later date as the Court may determine;

16.     declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Biogen costs, expenses and disbursements in this action, including reasonable attorney fees; and

17.     award such further and other relief as this Court deems proper and just.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____

Steven J. Balick (#2114)

*Of Counsel:*

James B. Monroe
Li Feng
Sanya Sukduang
Andrew E. Renison
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated:  June 28, 2017

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-188
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*
*Biogen International GmbH*
*and Biogen MA Inc.*